IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

DANIEL CHAVEZ                                                                    PLAINTIFF


v.                                        Case No. 6:24-cv-06090


SUMMIT UTILITIES
ARKANSAS, INC.                                                                  DEFENDANT

## ORDER

Before the Court is a Joint Motion for Protective Order filed by Defendant Summit Utilities

Arkansas, Inc and Plaintiff Daniel Chavez.  (ECF No. 14).  The parties have agreed to protect

against the disclosure of certain information to certain persons who are not parties to this case

through the proposed order.  (ECF No. 14).  Upon consideration, the Court finds that the instant

motion (ECF No. 14) should be and hereby is **GRANTED**.  However, the Court has changed a

portion of section 4.4 in the Protective Order to reflect that the parties must seek leave from the

Court to file under seal.  The Protective Order is as follows:

**1.      PURPOSE & LIMITATIONS.**

Discovery in this action is likely to involve production of confidential, proprietary, or

private information for which special protection may be warranted. Accordingly, the parties hereby

stipulate to and petition the court to enter the following Stipulated Protective Order.

The Order does not confer blanket protection on all disclosures or responses to discovery.

The protection it affords from public disclosure and use extends only to the limited information or

items that are entitled to confidential treatment under the applicable legal principles, and it does

not presumptively entitle parties to file confidential information under seal.

**2.      "CONFIDENTIAL" AND "ATTORNEYS' EYES ONLY" INFORMATION.**

2.1   <u>"Confidential" Information.</u> As used in this Order, "Confidential" information is defined as information that the producing party designates in good faith as having been previously maintained in a confidential manner and should be protected from disclosure and use outside the litigation because its disclosure and use are restricted by statute or could potentially cause harm to the interests of the disclosing party or nonparties.

"Confidential" means information (regardless of how generated, stored, or maintained) that has not been made public or is not otherwise available or accessible in the public domain and that concerns or relates to the confidential or proprietary information of either party or any third parties. Further, "Confidential" material is information for which disclosure is likely to have the effect of causing harm to either party, a person from whom the information was obtained, or the parties' or third-parties' privacy. "Confidential" information also includes private information pertaining to employees other than Plaintiff.

Parties may designate information that has previously been produced, and not otherwise designated prior to entry of this Order, provided the designation information fits the scope of this Order.

2.2   <u>"Attorneys' Eyes Only" Information.</u> As used in this Order, "Attorney's Eyes Only" information shall include extraordinarily sensitive confidential, proprietary, trade secret, and/or private information the disclosure of which would create a potential risk of substantial injury to the producing party that cannot be prevented by less restrictive means.

**3.    SCOPE**

The protections conferred by this agreement cover not only Confidential or Attorneys' Eyes Only material (as defined in Section 2), but also (1) any information copied or extracted from Confidential or Attorneys' Eyes Only material; (2) all copies, excerpts, summaries, or compilations

of Confidential or Attorneys' Eyes Only material; and (3) any testimony, conversations, or presentations by parties or their counsel that might reveal Confidential or Attorneys' Eyes Only material. However, the protections conferred by this agreement do not cover information that is in the public domain or becomes part of the public domain through trial or otherwise.

### 4.    ACCESS TO AND USE OF CONFIDENTIAL AND ATTORNEYS' EYES ONLY MATERIAL.

4.1    Basic Principles. A receiving party may use Confidential or Attorneys' Eyes Only material that is disclosed or produced by another party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Confidential or Attorneys' Eyes Only material may be disclosed only to the categories of persons and under the conditions described in this agreement.

4.2    Disclosure of "Confidential" Information or Items. Unless otherwise ordered by the court or permitted in writing by the designating party, a receiving party may disclose any confidential material only to:

(a)    the receiving party's counsel of record in this action, as well as employees of counsel to whom it is reasonably necessary to disclose the information for this litigation;

(b)    the officers, directors, and employees (including in house counsel) of the receiving party to whom disclosure is reasonably necessary for this litigation, unless the parties agree that a particular document or material produced is for Attorneys' Eyes Only and is so designated;

(c)    experts and consultants to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d)    the court, court personnel, and court reporters and their staff;

(e)      copy or imaging services retained by counsel to assist in the duplication of confidential material, provided that counsel for the party retaining the copy or imaging service instructs the service not to disclose any confidential material to third parties and to immediately return all originals and copies of any Confidential material;

(f)      during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the designating party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Confidential material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this agreement. However, documents or materials designated for Attorneys' Eyes Only shall not be disclosed without agreement of the parties or order of the Court;

(g)      the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information; and

(h)      mediators engaged by the parties.

4.3      <u>Disclosure of "Attorneys' Eyes Only" Information or Items.</u> Unless otherwise ordered by the court or permitted in writing by the designating party, a receiving party may disclose Attorneys' Eyes Only material only to the persons identified in paragraphs (a), (c), (d), (e), (g), and (h) above.

4.4      <u>Filing Confidential or Attorney's Eyes Only Material.</u> If a party seeks to file any document or material containing Confidential or Attorneys' Eyes Only information, the party shall file the document under seal. To the extent such document containing Confidential or Attorneys' Eyes Only information is capable of redaction, the filing party shall file a redacted version of the

document on the public docket, with the unredacted version filed under seal. The redacted version of any filing containing Confidential or Attorneys' Eyes Only information may include, when necessary, slip pages appropriately labeled "UNDER SEAL" to indicate the exhibits or other materials that have been omitted in their entirety from the public filing. **THE PARTIES MUST REQUEST LEAVE FROM THE COURT TO FILE UNDER SEAL**. However, in no event shall an entire motion or brief be filed under seal without a corresponding redacted version of the motion or brief also filed on the public docket, unless prior leave of Court is requested and granted.

    **5.    DESIGNATING PROTECTED MATERIAL**

    5.1    <u>Exercise of Restraint and Care in Designating Material for Protection.</u> Each party or non-party that designates information or items for protection under this agreement must take care to limit any such designation to specific material that qualifies under the appropriate standards. The designating party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify, so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this agreement.

    5.2    <u>Manner and Timing of Designations</u>. The producing party may designate documents as containing Confidential or Attorneys' Eyes Only information and therefore subject to protection under this Order by marking or placing the words "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY" on the document and on all copies in a manner that will not interfere with the legibility of the document. The designation will be applied prior to or at the time the documents are produced or disclosed. By marking a designated document as Confidential or Attorneys' Eyes Only, the designating attorney or party appearing *pro se* thereby

certifies that the document contains Confidential or Attorneys' Eyes Only information as defined in this Order.

Deposition testimony will be deemed Confidential or Attorneys' Eyes Only if designated as such when the deposition is taken or within fourteen days after receipt of the deposition transcript. Such designation must be specific as to the portions of the transcript and/or any exhibits to be protected. There shall be no need to re-designate deposition exhibits which have previously been designated as Confidential or Attorneys' Eyes Only.

5.3    Inadvertent Failures to Designate. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the designating party's right to secure protection under this agreement for such material. Upon timely correction of a designation, the receiving party must make reasonable efforts to ensure that the material is treated in accordance with the provisions of this agreement.

6.    **CHALLENGING CONFIDENTIALITY DESIGNATIONS.**

6.1    Timing of Challenges. Any party or non-party may challenge a designation of Confidentiality or Attorneys' Eyes Only at any time. Unless a prompt challenge to a designating party's Confidentiality or Attorneys' Eyes Only designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a party does not waive its right to challenge a Confidentiality or Attorneys' Eyes Only designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2    Meet and Confer. The parties must make every attempt to resolve any dispute regarding Confidential or Attorneys' Eyes Only designations without court involvement. Any motion regarding Confidential or Attorneys' Eyes Only designations or for a protective order must

include a certification that the movant has engaged in a good faith meet and confer conference with other affected parties in an effort to resolve the dispute without court action. A good faith effort to confer requires a face-to-face meeting or a telephone conference, unless reasonable efforts to schedule a face-to-face meeting or a telephone conference are unsuccessful after a period of fourteen days.

6.3    Judicial Intervention. If the parties cannot resolve a challenge without court intervention, the designating party may file and serve a motion to retain confidentiality. The burden of persuasion in any such motion shall be on the designating party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the challenging party to sanctions. All parties shall continue to maintain the material in question as Confidential or for Attorneys' Eyes Only until the court rules on the challenge.

## 7.    PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION.

If a party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as Confidential or Attorneys' Eyes Only, that party must: (a) promptly notify the designating party in writing and include a copy of the subpoena or court order; (b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this agreement, and such notification shall include a copy of this agreement; and (c) cooperate with respect to all reasonable procedures sought to be pursued by the designating party whose Confidential or Attorney's Eyes Only material may be affected.

## 8.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL.

If a receiving party learns that, by inadvertence or otherwise, it has disclosed Confidential or Attorneys' Eyes Only material to any person or in any circumstance not authorized under this agreement, the receiving party must immediately (a) notify in writing the designating party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the protected material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this agreement, and (d) request that such person or persons execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

If the receiving party discovers a breach of security, including any actual or suspected unauthorized access, relating to another party's Confidential or Attorneys' Eyes Only information, the receiving party shall: (a) promptly provide written notice to the designating party of such breach; (b) investigate and take reasonable efforts to remediate the effects of the breach, and provide the designating party with assurances reasonably satisfactory to the designating party that such breach shall not recur; and (c) provide sufficient information about the breach that the designating party can reasonably ascertain the size and scope of the breach.

## 9. INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL.

When a producing party gives notice to receiving parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the receiving parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). Pursuant to Federal Rule of Evidence 502(d) and (e), the parties agree to the entry of a non-waiver order as set forth herein:

(a)     The disclosure or production of documents by a producing party subject to a legally recognized claim of privilege, including without limitation the attorney-client privilege and the

work-product doctrine, to a receiving party, shall in no way constitute the voluntary disclosure of such document.

(b)    The inadvertent disclosure or production of any document in this action shall not result in the waiver of any privilege, evidentiary protection, or other protection associated with such document as to the receiving party or any third parties, and shall not result in any waiver, including subject matter waiver, of any kind.

(c)    If, during the course of this litigation, a party determines that any document produced by another party is or may reasonably be subject to a legally recognizable privilege or evidentiary protection ("Protected Document"):

(i)    the receiving party shall: (A) refrain from reading the Protected Document any more closely than is necessary to ascertain that it is privileged or otherwise protected from disclosure; (B) immediately notify the producing party in writing that it has discovered documents believed to be privileged or protected; (C) specifically identify the Protected Documents by Bates number range or hash value; and, (D) within ten days of discovery by the receiving party, return, sequester, or destroy all copies of such Protected Documents, along with any notes, abstracts, or compilations of the content thereof.  To the extent that a Protected Document has been loaded into a litigation review database under the control of the receiving party, the receiving party shall have all electronic copies of the Protected Document extracted from the database.  Where such Protected Documents cannot be destroyed or separated, they shall not be reviewed, disclosed, or otherwise used by the receiving party.  Notwithstanding, the receiving party is under no obligation to search or review the producing party's documents to identify potentially privileged or work product Protected Documents.

(ii)     If the producing party intends to assert a claim of privilege or other protection over documents identified by the receiving party as Protected Documents, the producing party will, within ten days of receiving the receiving party's written notification described above, inform the receiving party of such intention in writing and shall provide the receiving party with a log for such Protected Documents that is consistent with the requirements of Federal Rules of Civil Procedure, specifically identifying the material or information and setting forth the basis for the claim of privilege or other protection for it. In the event that any portion of a Protected Document does not contain privileged or protected information, the producing party shall also provide to the receiving party a redacted copy of the document that omits the information that the producing party believes is subject to a claim of privilege or other protection.

(d)     If, during the course of this litigation, a party determines it has produced a Protected Document:

(i)     the producing party may notify the receiving party of such inadvertent production in writing, and demand the return of such documents.  Such notice shall be in writing; however, it may be delivered orally on the record at a deposition, promptly followed up in writing.  The producing party's written notice will identify the Protected Document inadvertently produced by Bates number range or hash value, the privilege or protection claimed, and the basis for the assertion of the privilege and shall provide the receiving party with a log for such Protected Documents that is consistent with the requirements of Federal Rules of Civil Procedure, specifically identifying the material or information and setting forth the basis for the claim of privilege or other protection for it. In the event that any portion of the Protected Document does not contain privileged or

protected information, the producing party shall also provide to the receiving party a redacted copy of the document that omits the information that the producing party believes is subject to a claim of privilege or other protection.

(ii)     The receiving party must, within ten days of receiving the producing party's written notification described above, return, sequester, or destroy the Protected Document and any copies, along with any notes, abstracts, or compilations of the content thereof.  To the extent that a Protected Document has been loaded into a litigation review database under the control of the receiving party, the receiving party shall have all electronic copies of the Protected Document extracted from the database.

(e)     To the extent that the information contained in a Protected Document has already been used in or described in other documents generated or maintained by the receiving party prior to the date of receipt of written notice by the producing party as set forth in paragraphs (c)(ii) and d(i), then the receiving party shall sequester such documents until the claim has been resolved.  If the receiving party disclosed the Protected Document before being notified of its inadvertent production, it must take reasonable steps to retrieve it.

(f)     The receiving party's return, sequestering, or destruction of Protected Documents as provided herein will not act as a waiver of the requesting party's right to move for the production of the returned, sequestered, or destroyed documents on the grounds that the documents are not, in fact, subject to a viable claim of privilege or protection.  However, the receiving party is prohibited and estopped from arguing that:

(i)     the disclosure or production of the Protected Documents acts as a waiver of an applicable privilege or evidentiary protection;

(ii)     the disclosure of the Protected Documents was not inadvertent;

(iii)    the producing party did not take reasonable steps to prevent the disclosure of the Protected Documents; or

(iv)    the producing party failed to take reasonable or timely steps to rectify the error.

(g)    Either party may submit Protected Documents to the Court under seal for a determination of the claim of privilege or other protection.  The producing party shall preserve the Protected Documents until such claim is resolved.  The receiving party may not use the Protected Documents for any purpose absent this Court's order.

(h)    Upon a determination by the Court that the Protected Documents are protected by the applicable privilege or evidentiary protection, and if the Protected Documents have been sequestered rather than returned or destroyed by the receiving party, and subject to the exceptions outlined in Paragraph 10 below, the Protected Documents shall be returned or destroyed within 10 days of the Court's order.  The Court may also order the identification by the receiving party of Protected Documents by search terms or other means.

(i)    Nothing contained herein is intended to, or shall serve to limit a party's right to conduct a review of documents, data (including electronically stored information), and other information, including without limitation, metadata, for relevance, responsiveness, and/or the segregation of privileged and/or protected information before such information is produced to another party.

(j)    By operation of the parties' agreement and Court Order, the parties are specifically afforded the protections of Fed. R. Evid. 502(d) and (e).

**10.    RETURN OF DOCUMENTS.**

Within thirty days after this litigation concludes by settlement, final judgment, or final order, including all appeals, all documents designated as containing Confidential or Attorneys' Eyes Only information, including copies as defined above, must, if requested, be returned to the party who previously produced the document. However, counsel may retain a copy of all papers, filings with the Court, deposition or hearing transcripts, exhibits, and other documents bearing the notations, summations, mental impressions, or other attorney work product of receiving party's counsel, provided that the Confidential or Attorneys' Eyes Only information is maintained and protected in accordance with the terms of this Order.

### 11.    COMPUTATION OF TIME.

The computation of any period of time prescribed or allowed by this Order shall be governed by the provisions for computing time set forth in Rule 6 of the Federal Rules of Civil Procedure.

### 12.    INFORMATION SECURITY PROTECTIONS.

Any person in possession of another party's Confidential or Attorneys' Eyes Only information shall maintain a written information security program that includes reasonable administrative, technical, and physical safeguards designed to protect the security and confidentiality of such Confidential or Attorneys' Eyes Only information, protect against any reasonably anticipated threats or hazards to the security of such Confidential or Attorneys' Eyes Only information, and protect against unauthorized access to or use of such Confidential or Attorneys' Eyes Only information. To the extent a person or party does not have an information security program they may comply with this provision by having the Confidential or Attorneys' Eyes Only information managed by and/or stored with eDiscovery vendors or claims administrators that maintain such an information security program.

If the receiving party discovers a breach of security, including any actual or suspected unauthorized access, relating to another party's Confidential or Attorneys' Eyes Only material, the receiving party shall:  (a) promptly provide written notice to designating party of such breach; (b) investigate and take reasonable efforts to remediate the effects of the breach, and provide designating party with assurances reasonably satisfactory to designating party that such breach shall not recur; and (c) provide sufficient information about the breach that the designating party can reasonably ascertain the size and scope of the breach.  If required by any judicial or governmental request, requirement or order to disclose such information, the receiving party shall take all reasonable steps to given the designating party sufficient prior notice in order to contest such request, requirement or order through legal means.  The receiving party agrees to cooperate with the designating party or law enforcement in investigating any such security incident.  In any event, the receiving party shall promptly take all necessary and appropriate corrective action to terminate the unauthorized access.

**IT IS FURTHER ORDERED** that pursuant to Federal Rule of Evidence 502(d), the production of any documents in this proceeding shall not, for the purposes of this proceeding or any other proceeding in any other court, constitute a waiver by the producing party of any privilege applicable to those documents, including the attorney-client privilege, attorney work-product protection, or any other privilege or protection recognized by law.

**IT IS SO ORDERED**, this 15th day of January, 2025.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge

**EXHIBIT A**

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**


I declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Western District of Arkansas, in the case of *Daniel Chavez v. Summit Utilities Arkansas, Inc.* I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court in the Western District of Arkansas for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.


_____    _____
Date                                                                    Signature


_____

_____    _____
Address                                                              Printed Name